55 P.3d 856

**Darlene K. NALUAI, Plaintiff–Appellee,**

v.

**D. Keala NALUAI, Defendant–Appellant.**

**No. 24356.**

Intermediate Court of Appeals of Hawai'i.

· Sept. 17, 2002.

D. Keala Naluai, on the briefs, Defendant–Appellant, pro se.

Darlene K. Naluai, on the briefs, Plaintiff–Appellee, pro se.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant D. Keala Naluai (Keala), appearing *pro se*, appeals from the family court's June 7, 2001 "Order Denying Without Hearing Defendant's Motion to Dissolve Existing Order and Defendant's Motion and Affidavit for Judgment and Enforcement on Plaintiff's Intentional Non–Compliance and Contempt of Court Both Filed May 30, 2001" (June 7, 2001 Order). This order was entered by District Family Judge R. Mark Browning. We affirm.

## BACKGROUND

On July 2, 1998, Plaintiff–Appellee Darlene K. Naluai (Darlene) filed for an Ex Parte Petition for a Temporary Restraining Order against her mother, Keala, alleging physical and psychological abuse and seeking an order for protection authorized by Hawai'i Revised Statutes (HRS) § 586(4)(b) (1993). The order granting the motion was entered by District Family Judge Darryl Y.C. Choy on July 2, 1998.

At the conclusion of the July 15, 1998 hearing held in accordance with HRS § 586–5.5 (Supp.1996), Judge Choy entered a "Family Court Restraining Order" [1] (July 15, 1998 Protective Order) protecting Darlene from

---

1. Although labeled a Restraining Order, this is a "protective order." At the time the order was entered, Hawai'i Revised Statutes (HRS) § 586–4 (1993) authorized the entry of a "temporary restraining order." HRS § 586–5.5 (Supp.1996) authorized the entry of a "protective order."

Keala for the maximum permissible period of three years and expiring on July 15, 2001.[2] The July 15, 1998 Protective Order also states that

> [Darlene] is prohibited by HRS section 702–222[3] from intentionally soliciting or aiding [Keala] in violating this order by failing to report a violation, by initiating contact, by allowing contact or by coming within the above prohibited distances of [Keala] (unless otherwise provided for by this order).

(Footnote added.)

On March 1, 2000, Keala filed a "Motion to Dissolve Existing Order." On April 6, 2000, Judge Choy heard and entered an order denying this motion.

On April 26, 2000, Keala filed a "Motion for New Trial or Further Hearing of the Existing Order" and a "Motion to Recuse Judge Darryl Choy for the New Trial or Further Hearing of the Existing Order." In the latter motion, Keala alleged that "[b]oth previous trials have been partial, and prejudiced without good cause for [Darlene] and unfairly prejudiced against [Keala] without good cause." On May 3, 2000, Judge Choy entered an "Order Denying Motions to Recuse and for New Trial" on the ground that "[t]he motions have not been timely filed."

On May 30, 2001, Keala filed a "Motion and Affidavit for Judgment and Enforcement on [Darlene's] Intentional Non–Compliance and Contempt of Court" (May 30, 2001 Motion) alleging that Darlene had violated the July 15, 1998 Protective Order "five (5) or more times in over two (2) years[,]" that "[t]here are no known reports that [Keala] has violated" the July 15, 1998 Protective Order, and that Darlene is "using and abusing the granted [protective order] in her behalf, as a coercive means to attack [Keala]." Keala's May 30, 2001 Motion sought "enforcement of [Darlene's] intentional non-compliance and contempt of court, with issuance of proper consequences to follow[.]" On June 7, 2001, Judge Browning entered the June 7, 2001 Order.

On June 20, 2001, Keala filed a notice of appeal of the June 7, 2001 Order. On July 16, 2001, Judge Browning entered findings of fact and the following conclusions of law:

> A. [Keala's] motions and pleading failed to show sufficient good cause to warrant a hearing.
>
> B. The Court concludes that said motions are appropriately denied without a hearing pursuant to Rule 59(j) [sic[4]] of the *Hawai'i Family Court Rules.*

(Footnote added.)

In Keala's own words in the "CONCLUSION" section of her opening brief, she:

---

2. Hawai'i Revised Statutes (HRS) § 586–5.5 (1993) states, in relevant part that, after the restraining order is entered, "the court may order that a protective order be issued for such further period as the court deems appropriate, not to exceed three years from the date the protective order is granted."

Pursuant to an amendment effective on June 17, 1996, HRS § 586–5.5(a) (Supp.1996) stated, in relevant part that, after the restraining order is entered, "the court may order that a protective order be issued for such further period as the court deems appropriate, not to exceed three years from the date the protective order is granted." HRS § 586–5.5(b) (Supp.1996) stated, in relevant part, that "[a] protective order which was granted for a period less than three years may be extended for a period not to exceed three years from the date the original protective order was granted."

Pursuant to an amendment effective on July 15, 1998, HRS § 586–5.5(b) (Supp.1998) stated, in relevant part, that "[a] protective order may be extended for a period not to exceed three years from the expiration of the preceding protective order."

Pursuant to an amendment effective on June 28, 2001, HRS § 586–5.5(a) (Supp.2001) states, in relevant part that, after the restraining order is entered, "the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate." HRS § 586–5.5(b) (Supp.2001) states, in relevant part, that "[a] protective order may be extended for such further fixed reasonable period as the court deems appropriate."

3. HRS § 702–222 (1993) is entitled, "**Liability for conduct of another; complicity.**"

4. Prior to January 1, 2000, the relevant subsection was Hawai'i Family Court Rules (HFCR) Rule 59(j). From and after January 1, 2000, the relevant subsection is HFCR Rule 59(e), which pertains to a "[m]otion to reconsider, alter or amend a judgment or order" and states, in relevant part, that "a motion to reconsider, alter or amend the judgment or order shall be filed not later than 10 days after entry of the judgment or order" and that "all motions for reconsideration shall be non-hearing motions. At its discretion, the court may set the matter for hearing."

respectfully requests that this Honorable Court reverse the order decision, and remand the motion for judgment and enforcement of [Darlene's] intentional noncompliance and contempt of court issue, that was filed timely, for justice, and proper proceedings to a proper court for an appropriate, reasonable and fair hearing with the rights and privileges afforded a citizen of the United States of America not exhibits and witness to be used pertaining for life, liberty, privacy and peace.

The dismissal of the unwarranted [protective order] against [Keala], was timely filed and would have sustained the freedom and release from disparagement and harm to the reputation, professionalism and public record of [Keala] to receive a clear non-disparagement judgment and satisfaction to have her name cleared from the records of this grossly negligent and harmful judicial process under Judge Choy and Judge Browning. There was no lawful merit for this gross infraction and damages to [Keala]. [Keala] continued to pursue the course to dismiss and clear her name. According the forgoing laws and rules, it should have never been "so ordered" in the first place in 1998, thus causing defamation to [Keala's] character, name and reputation.

## POINTS ON APPEAL

In this appeal, Keala presents the following seven points of error:

A. The first trial court—Honorable Darryl Choy erred in conducting and establishing prima facie cases, and deprivation of credible evidence, and witnesses against [Keala] that caused harmful affects [sic] and injustice to [Keala].

B. Therefore, an unjust ripple-effect of pre-prejudice of prima facie case review by Judge R. Mark Browning, resulting in [Keala's] improper denial of a fair hearing on a separate new issue, not continued from previous cases judgments. The time to file argument was a moot issue. In *State v. Silva* 78 Hawai'i 115, 890 P.2d 702 (App.1995) "Right to impartial judge adheres in due process clause of Hawai'i Constitution." Constitutional Law 268(8).

C. ... Judge Browning erred in that there was no relevant evidence for [Darlene] to substantially satisfy her burden of proof as provided by law. HRE 626 Rule 401.

D. Trial Judge Choy erred *Indictment and Information.* Accusation must sufficiently allege all essential elements of offense charged whether accusation is oral charge, information in indictment, or complaint. *State v. Merino,* 81 Hawai'i 198, 915 P.2d 672.

E. Judge Browning erred in denial for reason of HFCR 59(e). This motion ... does not have to do with "further hearing, reconsideration of a decision." It was a new issue about a new violation and a new complaint for a repeat offense of the perpetrator, [Darlene]. Time limit argument is moot.

F. Judge Browning erred in his conclusions of law decision, dated July 16, 2001[,] that stated that "the defendant's motions and pleadings failed to show sufficient good cause to warrant a hearing,["] [which] is improper ... due to the material fact that there was a [protective order] Violation report filed with the Police department ... that showed cause that [Darlene] violated the order, warranting a fair hearing, for further presentation of witnesses and documents for evidence, as ... consumers are briefed prior to hearing to present at hearing. Therefore, his conclud[ing] remark that "The court concludes that said motion are [sic] appropriately denied without hearing pursuant to HFCR Rule 59(j), substantially violated [Keala's] constitutional right to a fair hearing, with an impartial Judge on the merits of evidentiary materials of fact, that out weighs [Darlene's] non-existence of evidence by a preponderance of the evidence, as an improper judgment."

G. Trial Judge Choy erred and [it was] improper to disallow "relevant evidence" that would have substantially "shown cause why the [protective order] was unnecessary" and improper to clear [Keala] of the false allegations, with no plaintiff evidence or witness, unsubstantiated claims outside of the purview and scope of the required

law of burden of proof on [Darlene], by a preponderance of the evidence. Thus, causing constitution[al] rights of [Keala] to be denied, therefore harming her name, credibility, reputation and future professionalism.

In *"THE ARGUMENT"* section of her opening brief, Keala adds the following point:

[Keala's] right to court[-]appointed counsel from the beginning (1998), being implicit in the concept of ordered liberty, is applicable to states through due process clause of Fourteenth Amendment. USCA Constit. Amends 6, 14; Const. Art 1 § 14. *State v. Merino* 198, 199, 200.

## DISCUSSION

### A.

This is an appeal from the June 7, 2001 Order denying Keala's May 30, 2001 Motion.

■ HFCR Rule 59(e) (2002) states, in relevant part, that "a motion to reconsider, alter or amend the judgment or order shall be filed not later than 10 days after entry of the judgment or order." It follows that Keala's May 30, 2001 Motion is untimely regarding, and cannot validly challenge, the following orders:

1. The July 15, 1998 Protective Order.

2. The April 6, 2000 "Order Denying Motion to Dissolve Existing Order Filed March 01, 2000."

3. The May 3, 2000 "Order Denying Motions to Recuse and for New Trial" denying Keala's April 26, 2000 "Motion for New Trial or Further Hearing and a Motion to Recuse Judge Darryl Choy for the New Trial or Further Hearing of the Existing Order."

### B.

■ Keala's May 30, 2001 Motion alleged that Darlene had violated the July 15, 1998 Protective Order "five (5) or more times in over two (2) years." In other words, Keala's

May 30, 2001 Motion alleged that Darlene had violated the part of the July 15, 1998 Protective Order stating that

[Darlene] is prohibited by HRS section 702–222 from intentionally soliciting or aiding [Keala] in violating this order by failing to report a violation, by initiating contact, by allowing contact or by coming within the above prohibited distances of [Keala] (unless otherwise provided for by this order).

Keala's May 30, 2001 Motion sought "enforcement of [Darlene's] intentional non-compliance and contempt of court, with issuance of proper consequences to follow[.]" The family court's June 7, 2001 Order denied Keala's motion without a hearing "pursuant to Rule 59(e), Hawai'i Family Court Rules" based on the family court's conclusion "that the instant pleadings failed to show sufficient good cause to warrant a hearing."

As noted above, HFCR Rule 59(e) pertains to motions to reconsider, alter, or amend a judgment or order. It does not pertain to a motion seeking enforcement of an order or punishment for a violation of an order.

■ Absent HRS § 586–11, a knowing violation of the July 15, 1998 Protective Order would be only a criminal contempt of court. As specified in HRS § 710–1077(g) (1993), one of the times the crime of criminal contempt of court is committed is when a "person knowingly disobeys or resists the process, injunction, or other mandate of a court[.]" Generally, criminal contempt of court is a misdemeanor. HRS § 710–1077(2) (1993). It is not unusual for a judge to cause the commencement of an indirect-constructive criminal contempt [5] proceeding. When that happens, the trial must be conducted by a different judge. *State v. Brown*, 70 Haw. 459, 467, 776 P.2d 1182, 1187–88 (1989).

■ Both the 1993 and 2002 versions of HRS § 586–11 specify that (1) a knowing or intentional violation of an order of protection is a misdemeanor, and (2) in some situations,

---

5. "Direct summary criminal contempt occurs when 'the offense is committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense.' Other

contumacious offenses are deemed indirect constructive criminal contempt." *Evans v. Takao*, 74 Haw. 267, 279, 842 P.2d 255, 261 (1992) (citations and brackets omitted).

mandatory sentences must be imposed. In other words, apart from HRS § 710–1077 (criminal contempt), a knowing or intentional violation of an order of protection is a crime and may be prosecuted as such.

■ HRS 586–10(a) (1993 and Supp.2001) commands that "[a]ny order for protection granted pursuant to this chapter shall be transmitted by the clerk of the court within twenty-four hours to the appropriate county police department." It follows that when a party becomes aware of an allegation that an adult person has committed an indirect constructive criminal contempt of court that also is a violation of HRS § 586–11, the place to go for prosecution is to the police or the prosecutor. That is what occurred in *State v. Valenzona*, 92 Hawai'i 449, 992 P.2d 718 (App.1999).

■ In light of the provisions of HRS Chapter 586 entitled "Domestic Abuse Protective Orders," we conclude that absent special circumstances, the family court should not be involved in any stage of the prosecution of an allegation of a knowing or intentional violation of a protective order by an adult person, including the stage where the allegations are referred to the police or the prosecutor, other than to simply advise interested parties that the proper place to present such allegations is to the police or the prosecutor, not to the family court. Therefore, if and to the extent that Keala seeks "enforcement of [Darlene's] intentional non-compliance and contempt of court, with issuance of proper consequences to follow," the place to go for assistance is to the police and the prosecutor, not to the family court.

Ultimately, it is within the discretion of the prosecutor to prosecute such alleged crimes. As noted in *State v. Radcliffe*, 9 Haw.App. 628, 640, 859 P.2d 925, 932 (1993),

> [t]he prosecutor not only has complete discretion as to whether to charge, he also has complete discretion as to when charges will be filed, what charges will be filed, how many charges will be filed, and under what statutes the charges will be made.

S. Cox, *Prosecutorial Discretion: An Overview*, 13 Am. Crim. L.Rev. 383, 418 (1976).

(Internal brackets omitted.)

In the instant case, no special circumstances warranted the family court's involvement in the process of referring Keala's allegations to the police or the prosecutor. Thus, the only argument that Keala could possibly assert is an argument that the family court failed in its duty to simply advise her that the proper place to go for enforcement of a knowing or intentional violation of a protective order is to the police or the prosecutor, not to the family court. Even this argument would have no merit because, as indicated in Keala's May 30, 2001 Motion, Keala already had been in communication with the police and the prosecutor's office on the subject. In Keala's May 30, 2001 Motion, Keala stated, in relevant part, as follows:

> 1. Darlene ... has violated the [protective order] ... five (5) or more times in over two (2) years. There were about four (4) reported by [Keala] to the police. [Darlene] had also committed unethical and unlawful conduct regarding [Keala's] personal property at [Keala's] place of residence during time restriction of [the protective order]. As stated by a Prosecuting Attorney's office personnel, [Keala] is obviously less of a threat or danger to cause fear to [Darlene], than [Darlene] claimed at the hearing on July 15, 1998 and at subsequent hearing.

C.

■ Keala's assertion that she had the "right to court[-]appointed counsel from the beginning (1998)" is without merit. The case she cites, *State v. Merino*, 81 Hawai'i 198, 915 P.2d 672 (1996), notes that "[t]he sixth amendment to the United States Constitution provides in relevant part that 'in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defen[s]e.'" *Id.* at 219, 915 P.2d at 693 (internal brackets omitted, ellipsis in original). Thus far in the family court proceedings, Keala has not been the "accused" in any "criminal prosecutions."

## CONCLUSION

Accordingly, we affirm the family court's June 7, 2001 "Order Denying Without Hearing Defendant's Motion to Dissolve Existing Order and Defendant's Motion and Affidavit for Judgment and Enforcement on Plaintiff's Intentional Non–Compliance and Contempt of Court Both Filed May 30, 2001."